IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03022-PAB-KMT

PATRICK HAWKINSON,

    Plaintiff,

v.

GLENN OBRIEN and
JOSEPH LYNN OBRIEN,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge filed on March 27, 2019 [Docket No. 29], wherein Magistrate Judge Kathleen M. Tafoya recommends this action be dismissed for lack of federal jurisdiction. Docket No. 29 at 4. Plaintiff Patrick Hawkinson filed an objection [Docket No. 30]. Plaintiff stated that he had not yet received a copy of the magistrate judge's recommendation and that, in order to ensure his objection was filed on time, he based his objection on the issues raised in the magistrate judge's earlier order to show cause [Docket No. 16]. Docket No. 30. Upon receiving a copy of the magistrate judge's recommendation, plaintiff filed a Motion to Supplement Plaintiff's Objection to Magistrates [sic] Recommendation [Docket No. 32] and Plaintiff's Supplemented Verified Objection to District Court on Magistrate's Recommendation to Dismiss [Docket No. 31]. Plaintiff objects to the magistrate judge's determination that plaintiff had not established his domicile for purposes of diversity jurisdiction. Docket No. 31 at 7.

## I. BACKGROUND

Plaintiff brought this lawsuit against defendants Glenn Obrien and Joseph Lynn Obrien to quiet title on seven Colorado properties, seeking declaratory relief and money damages. Docket No. 1 at 12, ¶¶ 26-33; *id.* at 13. He asserts that he is domiciled in Texas and that defendants are domiciled in Colorado. *Id.* at 2-3. He contends the Court has jurisdiction over his claims under 28 U.S.C. § 1332(a). *Id.* at 3.

When defendants failed to plead or otherwise defend against the lawsuit, plaintiff filed an Amended Request for Clerk's Entry of Default [Docket No. 11].[1] The clerk entered default as to both defendants [Docket No. 12], and plaintiff filed two motions for default judgment. Docket No. 13; Docket No. 14.

The magistrate judge then entered an Order to Show Cause [Docket No. 16], finding that plaintiff's allegations of his own citizenship were insufficient to determine if complete diversity exists between the parties and ordering plaintiff to show cause why she should not recommend dismissal for lack of federal jurisdiction. Docket No. 16 at 2-3.

Plaintiff filed his response to the show cause order on March 1, 2019. Docket No. 22. He stated that, while he has a temporary mailing address in Colorado, his permanent domicile is in Texas.[2] *Id.* at 1-2. To support his contention, he attached a

---

[1]Plaintiff had previously filed a Request for Clerk's Entry of Default [Docket No. 8], to which the clerk replied that default would not be entered because the affidavit or declaration concerning defendants' military status had not been filed. Docket No. 9.

[2]In July 2018, plaintiff traveled from Texas to Colorado to attend a court hearing. Docket No. 31 at 5. He was arrested on an outstanding warrant and was placed in the custody of the El Paso County Criminal Justice Center, where he is currently incarcerated. *Id.* Plaintiff states that he is only temporarily away from his Texas

declaration attesting to his Texas citizenship, portions of a lease agreement for a Texas residence that bears plaintiff's name and has a lease term of November 1, 2017 to May 30, 2019, and a copy of a letter dated August 16, 2018 sent to plaintiff at that Texas address. Docket No. 22 at 6-9.

The magistrate judge found that, while the lease and letter "demonstrate that Plaintiff resided in Texas at some point in the past," they do not establish that "his current domicile is in Texas, nor do the documents show proof of an intent for Plaintiff to remain indefinitely in Texas." Docket No. 29 at 4. Specifically, the magistrate judge relied on the fact that plaintiff's complaint lists a Colorado address and that plaintiff filed a notice changing his mailing address to a Colorado address. *Id.* at 2. Further, the magistrate judge noted that mail sent by the Court to plaintiff's claimed Texas address had been returned as undeliverable and that the only mail that was not subsequently returned as undeliverable was sent to a Colorado address. *Id.* at 2, n. 1; *id.* at 4. Finding that plaintiff had failed to provide evidence that his current domicile is outside Colorado, the magistrate judge recommended that the case be dismissed for lack of federal jurisdiction. *Id.* at 4. Plaintiff filed his supplemental objection to the recommendation on April 18, 2019. Docket No. 31.

## II. STANDARD OF REVIEW

"The Court will 'determine de novo any part of the magistrate judge's disposition

---

address and that he has chosen to use his mother's Colorado address as his temporary local mailing address while he is in transit "between several counties in Colorado." Docket No. 22 at 2. He states that the Colorado address "is simply a local mail box" so that he may receive mail while he is away from his Texas address. *Id.*

that has been properly objected to' by plaintiff." *Turner v. Falk*, No. 13-cv-02957-PAB-MJW, 2014 WL 7451698, at *1 (D. Colo. Dec. 31, 2014) (citing Fed. R. Civ. P. 72(b)(3)). "[A] party's objections . . . must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Because plaintiff is proceeding *pro se*, his pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court should not be an advocate for a *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. "Because domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state." *Id*.

Plaintiff objects to the recommendation's conclusion that this Court lacks federal jurisdiction over this lawsuit because he has failed to prove that he is a citizen of Texas. Plaintiff argues that, although he is temporarily in Colorado, his permanent domicile is in Texas. Docket No. 31 at 5. Plaintiff claims the following evidence establishes his

physical presence in Texas and that he intends to remain there: his declaration asserting that his home address is in Texas and that he intends to remain in Texas; a lease agreement, bearing plaintiff's name, for a Texas residence; and a letter that was sent to plaintiff at that Texas residence. *Id.* at 4-5, ¶ d.1. Plaintiff also references portions of his various filings in which he states that Texas is his state of domicile and that he intends to return to Texas. *Id.*

Conclusory allegations of citizenship are generally insufficient to establish a court's federal jurisdiction; "[t]he party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'" *Penteco Corp. Ltd. Partnership–1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A number of circuit courts have determined that a party's statements of intent regarding domicile, when contradicted, are afforded little weight. *See Korn v. Korn*, 398 F.2d 689, 691 (3d Cir. 1968) ("One's testimony as to his intention to establish a domicile, while entitled to a full and fair consideration, is subject to the infirmity of any self-serving declaration, and it cannot prevail to establish domicile when it is contradicted or negatived by an inconsistent course of conduct."); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir. 1972) ("In determining one's 'citizenship' or 'domicile' statements of intent are entitled to little weight when in conflict with facts."). However, such scrutiny is not applied to a party's assertions of domicile when the assertions are not contradicted by the record. *See Preston v. Tenet Healthsystem Memorial Med. Center, Inc.*, 485 F.3d 804, 816 (5th Cir. 2007) ("This court gives little weight to

5

statements of intent evidence, however, only when the subjective evidence conflicts with the objective facts in the record."). When the jurisdictional issue is a plaintiff's intent to remain in a given state, that party's declaration of such intent is competent evidence that the Court should consider.

In *Washington v. Hovensa LLC*, 652 F.3d 340, 346 (3d Cir. 2011), the Third Circuit remanded a case in order for the district court to consider in its jurisdictional analysis the plaintiff's affidavit indicating an intent to return to and reside in Texas. The plaintiff had moved from Texas to the Virgin Islands where, at the time of the complaint, she had been living and working for several months. *Id.* at 342. To support her assertions that she was domiciled in Texas despite her working in the Virgin Islands, she submitted an affidavit stating that she intended to return to Texas after her work project was complete and that she thereafter intended to remain in Texas. *Id.* at 343. The district court determined the plaintiff's affidavit "must be disregarded" as it was self-serving and contradicted by the plaintiff's inconsistent course of conduct. *Id.* at 344. The Third Circuit remanded the case. *Id.* at 347. It determined that the plaintiff's statement was not contradicted, but rather was supported, by her course of conduct at the time she filed her complaint. *Id.* Among other things, the plaintiff owned and maintained a home in Texas, received mail in Texas, maintained a Texas driver's license and owned a car in Texas, and paid taxes in Texas. *Id.* at 342-43. The Third Circuit held that her affidavit should not have been disregarded and should have been given "due consideration." *Id.* at 347.

Here, plaintiff states that he is domiciled in Texas and intends to return to Texas

6

after he finishes up "all temporary business, family, and legal matters" in Colorado. Docket No. 22 at 6. In recommending dismissal, the magistrate judge relied on the fact that plaintiff listed a Colorado address on his complaint and later filed a notice to change his address to a Colorado address. Docket No. 29 at 2. The magistrate judge further stated that mail sent by the Court to plaintiff at his Texas address was returned as undeliverable, *see* Docket No. 19; Docket No. 29, and that "the only mail sent to Plaintiff that was not returned as undeliverable was mailed to a Colorado address." *Id.* at 4.

Plaintiff, however, filed his complaint while he was incarcerated in Colorado. Docket No. 31 at 5. On the first page of the complaint, plaintiff lists 1008 Owenwood Drive, Irving, Texas as his address. Docket No. 1 at 1. He also indicates that he is domiciled in Texas for purposes of diversity jurisdiction. *Id.* at 3. Although the complaint lists a Colorado address – 939 Conejos Street, Colorado Springs – at the end of the complaint, the first line of that address states: "Attn: Marcy Hunt / Re: Patrick Hawkinson."[3] *Id.* at 5. Moreover, when plaintiff filed a notice of change of address, he indicated that the complaint "ha[d] [his] address in and citizenship of Texas" and that the change of address was for mailing purposes only, since he "travel[ed] between the states and other surrounding areas." Docket No. 10. His notice asked that all mail and service be sent to the Conejos Street address.[4] The first line of the address in his

---

[3] Marcy Hunt, plaintiff's mother, lives at the Conejos Street address. Docket No. 22 at 10.

[4] According to plaintiff, he originally filled out the complaint with his mother's old address and, after realizing his mistake, physically crossed out that address and handwrote her current address before filing. Docket No. 22 at 2-3; *see* Docket No. 1 at

7

notice of change of address states: "Attn: Marcy Hunt." *Id.* There is no evidence that plaintiff lived at the Conejos Street address.[5] The fact that plaintiff listed the Conejos Street address in his complaint and his filing of a notice of change of address to the Conejos Street address do not suggest he is domiciled in Colorado and do not contradict plaintiff's assertions that he is domiciled in Texas.

Further, the mail that was returned as undeliverable was sent by the Court to plaintiff in January 2019, at which time plaintiff had been incarcerated in Colorado for six months. Docket No. 19; Docket No. 31 at 5. The fact that mail sent to plaintiff's Texas address was returned as undeliverable, given his absence, does not contradict plaintiff's assertion of domicile. Additionally, the fact that mail was sent to plaintiff at a Colorado address and was not returned as undeliverable has no bearing on plaintiff's citizenship. That correspondence was sent to plaintiff at the jail in which he is currently incarcerated. Docket No. 18. As stated above, an inmate is not the domiciliary of the state in which he is incarcerated, but rather an inmate is presumed to be a citizen of the state of which he was a citizen before his incarceration. *Smith*, 445 F.3d at 1260. Accordingly, the facts pointed to by the magistrate judge do not contradict plaintiff's assertions of intent to remain in Texas.

Under *Washington*, the Court considers whether plaintiff's assertion of an intent to remain in a given state is otherwise supported or contradicted by the record. The

---

5. Plaintiff claims that, because mail continued to be sent to his Texas address instead of the Conejos Street address, he filed the notice of change of address so that mail would be sent to his local, temporary address. Docket No. 22 at 2-3.

[5]Marcy Hunt completed a declaration stating that plaintiff has never resided at her address. Docket No. 22 at 10.

plaintiff relies on mail addressed to plaintiff at his claimed Texas address and a lease of a residence in Irving, Texas. Each document may be considered in determining a party's domicile. *See Alpine Bank v. Carney Bros. Constr.*, No. 05-cv-00026-EWN-KLM, 2008 WL 4080003, at *5 (D. Colo. Sept. 2, 2008) (considering where party received mail in determining domicile); *see also Brown v. Wescott*, 2013 WL 12071673, at *2 (W.D. Wa. May 13, 2013) (considering, among other things, lease in state to find party domiciled in that state).

Plaintiff's lease of 1008 Owenwood Drive is for a term of eighteen months, from November 1, 2017 to May 30, 2019. Docket No. 22 at 7. The lease provides that, after the expiration of the rental term, the lease will automatically renew on a month-to-month basis. *Id.* at 8. Moreover, plaintiff paid a $1,150 security deposit. *Id.* at 7. Plaintiff received mail at the Owenwood Drive address. *Id.* at 9.

The magistrate judge found that the lease agreement was not sufficient evidence of plaintiff's "*current* domicile." Docket No. 29 at 4. But the lease, executed on October 12, 2017, has a term that extends well beyond when plaintiff entered Colorado and was arrested in July 2018 and well beyond the filing of his complaint on November 26, 2018. Docket No. 31; Docket No. 1. The time relevant to the Court's evaluation of federal jurisdiction is where plaintiff was domiciled at the time plaintiff filed the complaint. *See Ravenswood Inv. Co., L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1223 (10th Cir. 2011) ("Federal jurisdiction is determined on the facts as they existed at the time the complaint was filed."). As the magistrate judge noted, Docket No. 29 at 4, the documents plaintiff attaches establish that plaintiff was at least residing in Texas before

9

the lawsuit was filed. Although domicile is not necessarily synonymous with residence, "an individual's residence is *prima facie* evidence of domicile." *Posen v. Malkerson Gilliland Martin, LLP*, No. 05-cv-01819-REB-MJW, 2006 WL 27214, at *1 (D. Colo. Jan. 5, 2006) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). The Court finds that plaintiff's documents also establish, at least at this stage of the proceeding, that he was domiciled in Texas. It is unlikely that a person would sign an eighteen-month lease with the option of automatic renewal, pay a security deposit on that lease, and receive mail at that address if he did not intend to stay there for the full lease term. Thus, plaintiff has provided sufficient evidence of his physical presence in Texas before his arrest.

Moreover, plaintiff's assertion that he intends to remain in Texas is "buttressed, not contradicted," by the record. *Washington*, 652 F.3d at 347. Plaintiff has consistently stated that he intends to return to Texas. *See* Docket No. 22 at 1; Docket No. 31 at 5. There is no evidence in the record challenging or contradicting plaintiff's assertions of intent or the *prima facie* evidence of domicile plaintiff has presented. Moreover, there is no evidence that plaintiff is domiciled in any state other than Texas. Accordingly, there is no proper basis to discredit plaintiff's assertions of intent. The Court finds that plaintiff has pled "facts essential to show jurisdiction," *Penteco,* 929 F.2d at 1521, and has met his burden of establishing that he is domiciled in Texas. Accordingly, the Court has subject matter jurisdiction over this lawsuit.

For these reasons, it is

**ORDERED** that Plaintiff's Motion to Supplement Plaintiff's Objection to

Magistrates [sic] Recommendation [Docket No. 32] is **GRANTED**. It is further

ORDERED that Plaintiff's Supplemented Verified Objection to District Court on Magistrate's Recommendation to Dismiss [Docket No. 31] is **SUSTAINED**. It is further

ORDERED that the Recommendation of United State Magistrate Judge [Docket No. 29] is **REJECTED**.

DATED May 20, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge