IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03022-PAB-KMT

PATRICK HAWKINSON,

      Plaintiff,

v.

GLENN OBRIEN and
JOSEPH LYNN OBRIEN,

      Defendants.

---

## ORDER

---

This matter is before the Court on plaintiff's Motion to Judge Brimmer to Hear Plaintiff's Third Motion for Default Judgment [Docket No. 50], Plaintiff's Third Motion for Default Judgment – Directly to Judge Brimmer [Docket No. 51], and Plaintiff's Motion to Judge Brimmer to Strike the "Status Report" With Request for Sanctions [Docket No. 53]. The Court has jurisdiction under 28 U.S.C. § 1332.

## I. BACKGROUND

On November 26, 2018, plaintiff Patrick Hawkinson filed this lawsuit against defendants Glenn Obrien [sic] and Joseph Lynn Obrien [sic] to quiet title on seven Colorado properties, seeking declaratory relief and money damages. Docket No. 1 at 12, ¶¶ 26-33; *id.* at 13. When defendants failed to plead or otherwise defend against the lawsuit, plaintiff filed an Amended Request for Clerk's Entry of Default [Docket No.

11].[1]  The clerk entered default as to both defendants [Docket No. 12], and plaintiff filed two motions for default judgment.  Docket No. 13; Docket No. 14.  The Court referred the two motions for default judgment to Magistrate Judge Kathleen M. Tafoya.  Docket No. 15.

On June 25, 2019, the magistrate judge issued an order noting that the properties at issue are assets of the Estate of Joseph P. O'Brien, defendants' late father, and that the Estate was in probate in the District Court of El Paso County. Docket No. 38 at 2.  In the probate proceeding, the Estate and its petitioner, Mary O'Brien, alleged that the quitclaim deeds at issue in this case are void because they are forgeries or were executed without capacity and under undue influence.  *Id.*  The magistrate judge also noted that, in the probate case, plaintiff and the Estate parties had filed a Petition to Settle and that, "[b]ased on the Petition to Settle and the Order granting the Petition to Settle, it appears Plaintiff has or will have no interest in the properties at issue in this case."  *Id.* at 2-3.  Notably, in the Petition to Settle, plaintiff agreed to execute and sign a disclaimer of the properties at issue in this case and agreed that the probate court could enter an order invalidating and voiding all of the quit claim deeds associated with those properties.  *Id*. at 2.

In addition, because the properties at issue appear to be assets of the Estate, the magistrate judge found that the Court cannot accord complete relief among the existing parties and found that Mary O'Brien and the Estate are necessary parties to

---

[1] Plaintiff had previously filed a Request for Clerk's Entry of Default [Docket No. 8], to which the clerk replied that default would not be entered because the affidavit or declaration concerning defendants' military status had not been filed.  Docket No. 9.

this action.  *Id.* at 4.  The magistrate judge ordered plaintiff to join Mary O'Brien and the

Estate as defendants in this case by July 15, 2019.  *Id.* at 5.[2]  Plaintiff filed two motions

for an extension of time to comply with the magistrate judge's order, *see* Docket Nos.

42 and 45, which were both granted.  *See* Docket Nos. 43 and 47.  Ultimately, plaintiff

was given an extension until October 15, 2019 to comply with the magistrate judge's

June order.  Docket No. 47.

Plaintiff did not comply with the magistrate judge's order.  Instead, plaintiff filed

Plaintiff's Voluntary Dismissal of Claim One, Docket No. 49, in which he purports to

voluntarily dismiss his quiet title claim and proceed only on his "false and fraudulent

representations" claim and "capricious, malicious, wanton and/or wicked acts" claim

against the named defendants.  *Id.* at 1-2.  In addition, plaintiff filed a new motion for

default judgment, Docket No. 51, and a motion requesting that the Court not assign the

motion for default judgment to the magistrate judge.  Docket No. 50.

On November 26, 2019, Mary O'Brien filed a Status Report [Docket No. 52] as

an interested party in this case.  Ms. O'Brien indicates that, despite the parties'

settlement, plaintiff continues to assert that he is the owner of the properties at issue in

this case.  Docket No. 52 at 2.  Ms. O'Brien also states that she and other interested

parties are currently involved in a probate trial concerning Joseph P. O'Brien's will and

the ownership of the properties.  *Id.*[3]  On April 2, 2020, Ms. O'Brien filed a response to

---

[2] The magistrate judge also ordered the Clerk of Court to add Ms. O'Brien and
the Estate as interested parties in this matter, Docket No. 38 at 5, which the Clerk did.

[3] Plaintiff has moved to strike Ms. O'Brien's status report.  Docket No. 53.

plaintiff's motion for default judgment [Docket No. 55] indicating that, while the probate trial was scheduled to conclude on April 9, 2020, the circumstances surrounding the COVID-19 pandemic have prevented the conclusion of the trial.  Docket No. 55 at 2.  Ms. O'Brien represents that the resolution of the probate trial will have a material effect on the merits of plaintiff's claims.  *Id.*

## II.  LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a).  Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b).  *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion."  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."  *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Id.*  It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights."  *Id.* at 733.  When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence

to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard"). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010) (updated April 2020). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at 63.

## III.  ANALYSIS

### A.  Assigning Motions to the Magistrate Judge

In plaintiff's Motion to Judge Brimmer to Hear Plaintiff's Third Motion for Default Judgment [Docket No. 50] , plaintiff suggests that the Court's assignment of plaintiff's previous motions for default judgment, *see* Docket Nos. 13 and 14, to the magistrate judge was in violation of the District of Colorado's Local Rule 40.1. Docket No. 50 at 3. However, plaintiff confuses the assignment of an entire case versus the referral of a

5

motion.  Local Rule 40.1 provides that "an action in which a motion for default judgment is filed," if initially assigned to a magistrate judge, "shall be reassigned to a district judge."  D.C.COLO.LCivR 40.1(c)(3)(a).  However, nothing in the rules precludes a district judge from referring a motion for default judgment to a magistrate judge.  In cases in which one party is *pro se*, it is the common practice in this District to refer all motions filed in a case to the magistrate judge for a report and recommendation.  *See, e.g., Glasser v. King*, No. 12-cv-00624-WYD-CBS, 2013 WL 247955, at *1 (D. Colo. Jan. 22, 2013).  Thus, the assignment of the first two motions for default judgment to the magistrate judge was not in violation of the Local Rules.  Nevertheless, for purposes of efficiency, the Court has decided to rule on the present motion for default judgment without assignment.  Any additional motions attempting to preclude a magistrate judge referral will be summarily denied.

## B.   Default Judgment

Plaintiff requests that the Court enter a default judgment in this case "for Defendants['] failure to answer or other[wise] defend this matter for almost a year."  Docket No. 51 at 4.  The Court finds several independent bases to deny plaintiff's motion for default judgment.

First, plaintiff attempts to seek default judgment pursuant to Fed. R. Civ. P. 55(b)(1), which permits the Clerk of Court to enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."  Fed. R. Civ. P. 55(b)(1).  "To be a 'sum certain' there must be no doubt as to the amount that must be awarded."  *Garcia Gutierrez v. Puentes*, 2020 WL 570845, at *3 (D.N.M. Feb.

6

5, 2020).  "A court is not required to accept the plaintiff's legal conclusions or factual allegations when assessing damages and must ensure that there is a legal basis for the damages specified in the default judgment."  *Id.*

Plaintiff has submitted an affidavit in which he avers that he is entitled to $450,801.20 in actual damages, $450,801.20 in punitive damages, and $37,800 in costs, expenses, and fees incurred during the litigation of this case.  Docket No. 51 at 5.  This is problematic in several respects.  First, beyond citing to his own complaint, plaintiff has submitted no evidence demonstrating that he has incurred the actual damages he claims to have suffered.  *See id.*  The Court need not accept bare factual allegations as true.  *Garcia Gutierrez*, 2020 WL 570845, at *3.  Moreover, "[p]unitive damages also are not a sum certain and often require evidentiary hearings to determine an appropriate amount."  *Am. Water Purification, Inc. v. Barkley Mfg. and Engineering, Inc.*, 1989 WL 31397, at *3 (D. Kan. Mar. 2, 1989).  Finally, plaintiff's estimates of costs incurred in this litigation, which according to plaintiff include "legal services, document reviews, hiring and consulting real estate agents/brokers, hiring title insurance companies, volumes of document copies/certifications, hiring of investigators, consultation and attorney reviews, [and] contractors," Docket No. 51 at 5, far exceed any reasonable amount of costs that could be incurred during the scope of this litigation, and the Court declines to accept plaintiff's unsupported assertions.  Thus, the Court finds that default judgment is inappropriate under Rule 55(b)(1) because

plaintiff's claim is not for a sum certain.[4]

Moreover, the Court finds that default judgment would be inappropriate under Fed. R. Civ. P. 55(b)(2), which permits the Court to enter default judgment in cases that do not involve sum-certain claims. Plaintiff has not complied with the magistrate judge's order requiring the joinder of Mary O'Brien and the Estate as defendants in this case. *See* Docket No. 38. Instead, plaintiff attempted to voluntarily dismiss the quiet title claim so as to only proceed against the named defendants. *See* Docket No. 49. The Court construes this as an attempted dismissal under Rule 41 of the Federal Rules of Civil Procedure. However, Rule 41 is not an appropriate mechanism for dismissing fewer than all claims in an action. *See Gobbo Farms & Orchards v. Poole Chemical Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996) (finding no authority "to support [plaintiff's] contention that Rule 41(a) applies to dismissal of less than all claims in an action"); *QFA Royalties, LLC v. ZT Invs., LLC*, No. 17-cv-0507-WJM-NRN, 2018 WL 4095114, at *3 (D. Colo. Aug. 28, 2018) (noting that the "Tenth Circuit takes a strict view of the words 'an action' and holds that Rule 41 cannot apply to 'less than all claims in an action'"). Rather, the proper procedure is for a plaintiff to amend the complaint pursuant to Federal Rule of Civil Procedure 15. *See id.*; *Carskadon v. Diva Int'l, Inc.*, No. 12-cv-01886-RM-KMT, 2013 WL 1876784, at *2 (D. Colo. May 3, 2013); *see also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2362 (3d ed.)

---

[4] Should plaintiff seek default judgment in the future, plaintiff must set forth a detailed accounting as to how he purportedly incurred over $37,000 in legal fees, costs, and expenses in this lawsuit and include supporting documentation demonstrating each of these incurred costs and fees. Plaintiff shall do the same with respect to his claim of actual damages.

("A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15.").

While the Court construes plaintiff's *pro se* filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), "an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Rule 41 does not permit plaintiff to dismiss fewer than all claims in his lawsuit. If he wishes to do so, he must file a motion under Fed. R. Civ. P. 15 to amend his complaint. Accordingly, plaintiff's first claim is not dismissed and remains part of this case.

Because plaintiff's first claim remains, the Court finds that default judgment is not appropriate. In his first cause of action, plaintiff seeks to quiet title to the properties in question. Docket No. 1 at 10. The magistrate judge found that complete relief cannot be accorded among all existing parties in this matter because the properties at issue are owned by the Estate, not defendants. Docket No. 38 at 5. For this reason, default judgment would be inappropriate, as it would run the risk of potentially inconsistent judgments should the interested non-parties separately claim ownership of the properties. *See i play. inc. v. D. Catton Enter., LLC*, 2015 WL 1038131, at *4 (W.D.N.C. Mar. 10, 2015) (stating that the court cannot enter a default judgment because "there exists a possibility that [an interested non-party] could later obtain a judgment inconsistent with what the Court would enter against [the named defendant]."); *Am. Standard Ins. Co. of Wis. v. Rodgers*, 123 F. Supp. 2d 461, 468

9

(S.D. Ind. Dec. 5, 2000) ("In the absence of [the interested non-party], it becomes apparent that a grant of default judgment against [the named defendant] will not afford complete relief in this case and could prejudice [the non-party's] interests while leaving [plaintiff] vulnerable to inconsistent judgments."); *Gustavia Home LLC v. Envtl. Control Bd.*, 2019 WL 4359549, at *7 (E.D.N.Y. Aug. 21, 2019) ("[T]he failure to include [necessary parties] prevents the Court from considering plaintiff's motion for default judgment.").

The decision to enter a default judgment is within "the district court's sound discretion." *Olcott*, 327 F.3d at 1124. Given the "[s]trong policies [that] favor resolution of disputes on their merits," *Ruplinger*, 946 F.2d at 732, plaintiff's failure to comply with the magistrate judge's order to join necessary parties and the associated risk of inconsistent judgments, in addition to the fact that the pending probate case that will likely have an effect on the merits of plaintiff's claims, the Court declines to exercise its discretion and grant default judgment here.

## C. Motion to Strike

Plaintiff has filed a motion to strike Ms. O'Brien's status report on the basis that Ms. O'Brien is not a party and her attorney has not entered an appearance. Docket No. 53 at 1. Plaintiff also requests that the Court sanction Ms. O'Brien's counsel because, according to plaintiff, the filing of the status report was for an improper purpose to mislead and influence the Court, to harass plaintiff, and to cause unnecessary delay in this matter. *Id.* at 2.

"Unless otherwise ordered, an attorney shall not appear in a matter before the

court unless the attorney has filed an Entry of Appearance or . . . signed and filed a pleading or document."  D.C.COLO.LAttyR 5(a)(1).  Under this rule, "the signing and filing of pleadings or documents constitutes an entry of appearance for an attorney on behalf of" the filing party.  *O'Hanlon v. AccessU2 Mobile Sol., LLC*, No. 18-cv-00185-RBJ-NYW, 2018 WL 3586395, at *5 (D. Colo. July 26, 2018), *report and recommendation adopted*, 2019 WL 1081079 (Jan. 22, 2019).  Here, Ms. O'Brien's counsel signed the status report, *see* Docket No. 52 at 5, which constitutes an entry of appearance in this case.  In addition, Ms. O'Brien is an interested party in this lawsuit.  Docket No. 38 at 5.  Plaintiff has presented no legal authority demonstrating that an interested party is precluded from submitting filings in a federal case; cases regularly receive documents filed by interested non-parties.  Finally, the Court finds that the status report was not submitted to mislead the Court, harass plaintiff, or cause delay.  Rather, the status report was filed to inform the Court of the related probate matter.  For this reasons, the Court declines plaintiff's requests and will deny plaintiff's motion.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's Third Motion for Default Judgment – Directly to Judge Brimmer [Docket No. 51] is **DENIED**.  It is further

**ORDERED** that the Motion to Judge Brimmer to Hear Plaintiff's Third Motion for Default Judgment [Docket No. 50] is **DENIED** as moot.  It is further

**ORDERED** that Plaintiff's Motion to Judge Brimmer to Strike the "Status Report" With Request for Sanctions [Docket No. 53] is **DENIED**.  It is further

**ORDERED** that plaintiff shall either comply with the magistrate judge's order

[Docket No. 38] to join all necessary parties or, should plaintiff seek to dismiss his first

claim, file a motion to amend his complaint by August 1, 2020.

DATED July 2, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge